## MINNIE B. HENRY ET AL.
### v.
## TRUSTEES OF GRAND LODGE I. O. M. A.

1.  BEN: FIT CERTIFICATE—BURDEN OF PROOF.—Where a benefit certifi-
·cate is made payable to a certain person, in its inception, the burden of
proof is upon parties claiming an assignment of such certificate to them, to
show a *prima facie* valid transfer of the benefit accruing from said certifi-
cate to themselves in pursuance of the constitution and by-laws of the order.

2.  RECORD.—As neither the certificate, the assignment nor the by-laws
prescribing the form in which the assignment shall be made, nor the con-
stitution of the order applicable thereto, although the same were given in
evidence in the court below, have been copied into the record, this court
must presume in favor of the finding of the court below.

ERROR to the Circuit Court of Fulton county; the Hon. S.
P. SHOPE, Judge, presiding.    Opinion filed July 3, 1884.

Messrs. WHITNEY & BAUTZ, for plaintiffs in error.

Mr. W. H. BARNES, for defendants in error.

PER CURIAM.    This suit originated in a bill of interpleader
brought by the trustees of the Grand Lodge of Illinois Inde-
pendent Order of Mutual Aid against Clara C. Henry, widow
of John B. Henry, deceased, of the one part, and appellants,
who are sisters of said John B. Henry, deceased, of the other
part, to determine the ownership of a certain beneficiary cer-
tificate of membership issued by said trustees to said John B.
Henry in his lifetime, and payable in case of his death to the
said Clara C. Henry, his wife, which certificate appellants
claim to have been duly assigned and transferred to them by
the said John B. Henry, in his lifetime, in the manner pro-
vided for by the constitution and by-laws of said order.    We
have, in the record now before us, but one section of said con-
stitution or by-laws of said order.    That provides, in sub-
stance, that any member holding such certificate, desiring at
any time to make a new direction as to its payment, may do
so by authorizing such change in writing on the back of his

certificate, *in the form prescribed*, attested by the secretary, with the seal of the lodge attached, and shall be forwarded to the Grand Secretary, who, on payment to the Grand Lodge of the sum of fifty cents shall make such change.    Appellants allege that the assignment under which they claim, was executed in due form and in compliance with the constitution and by-laws of the order.    This is denied by the widow, who also sets up that appellants could not, under the constitution and by-laws of the order, take an interest in said certificate by assignment.    She also alleges that at the time of said alleged assignment, the said John B. Henry was mentally incompetent to make the same, and that it was procured by means of a conspiracy between appellants and one William Henry, their brother.

The certificate having been made payable to said Clara C. Henry, in its inception, the burden of proof is upon appellants to show a *prima facie* valid transfer of the benefit accruing from said certificate to themselves, in pursuance of the constitution and by-laws of the order, and until this is done it is unnecessary for us to look into the evidence bearing upon the question of a want of mental capacity on the part of the deceased to make the transfer.

But at the very threshold of the case we are confronted with the fact that neither the certificate, which lies at the foundation of the rights of all the parties claiming under it, nor the assignment of it, nor the by-laws prescribing the form in which the assignment shall be made, nor the constitution of the order applicable thereto, except as above recited, although the same were given in evidence in the court below, have been copied into this record.    The court below found against the validity of the assignment, and we must presume in favor of that finding until it is shown, by the evidence then before the court, to have been erroneous.

The title of appellants to the fund in court depends upon their ability to show a valid transfer of the certificate to them in pursuance of the constitution and by-laws of the order. In the absence of this documentary evidence, which the record shows to have been before the circuit court, we can not

find that the judgment of that court in finding against the validity of that transfer was in any respect erroneous.

The decree of the circuit court will therefore be affirmed.